# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL MORALES-CHAVEZ,<br><br>　　　　　Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | CASE NO. 10CV1591 DMS<br>(Associated criminal case: 08CR4526 DMS)<br><br>**ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255** |

Pending before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On February 4, 2009 Petitioner pleaded guilty to importation of methamphetamine in violation of 21 U.S.C. §§ 952, 960 subject to a plea agreement. (Opp. at Ex. 5.) On August 21, 2009, this Court sentenced Petitioner to 51 months custody followed by three years of supervised release, to be waived upon Petitioner's removal to Mexico. (*Id.* at Ex. 10 at 6-7.) On July 9, 2010, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255.

Petitioner argues he received ineffective assistance of counsel due to his attorney's failure to argue for a lower sentence on the basis that his status as a deportable alien made him ineligible for minimum security confinement and a pre-release drug program. Petitioner argues this alleged ineffective assistance of counsel deprived him of his Equal Protection rights under the Constitution. However, as an initial matter, when Petitioner pleaded guilty in exchange for a lower sentence, which was actually imposed, he waived his right to collaterally attack his sentence. (*Id.* at Ex. 4 at 11.) Such

1  a waiver bars relief under § 2255 other than for ineffective assistance of counsel claims that challenge
2  the voluntariness of the waiver. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005). Here,
3  Petitioner does not challenge the voluntariness of his waiver, but rather challenges his counsel's failure
4  to request a downward departure based upon his deportable alien status and thus likely waived his right
5  to bring such a collateral challenge.

6  Regardless, Petitioner has failed to establish ineffective assistance of counsel, which requires
7  a showing that (1) counsel's performance was deficient and (2) the deficient performance prejudiced
8  him. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Here, even if counsel failed to
9  specifically request a downward departure due to Petitioner's status as a deportable alien, such a failure
10 did not constitute deficient performance. To show deficient performance, Petitioner was required to
11 demonstrate that his counsel's actions were not "within the range of competence demanded of
12 attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56-7 (1985)(quoting *McMann v.*
13 *Richardson*, 397 U.S. 759, 771 (1970)). Petitioner has failed to do so here. Accordingly, Petitioner's
14 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.[1]

**IT IS SO ORDERED.**

DATED:  December 6, 2010

HON. DANA M. SABRAW
United States District Judge

---

[1] Petitioner also moves for a reduction or modification of his sentence pursuant to 18 U.S.C. § 3582. However, § 3582 is inapplicable to Petitioner because he does not claim to meet any of the conditions set forth in the statute under which a reduction or modification is permitted: there is no motion for modification from the Director of the Bureau of Prisons, Rule 35 of the Federal Rules of Criminal Procedure does not apply here, and the Sentencing Commission has not subsequently lowered the sentencing range for Petitioner's drug importation offense. 18 U.S.C. § 3582(c). Accordingly, Petitioner's motion for modification or reduction pursuant to § 3582 is denied.